*468 JUSTICE WARNER
dissents.
¶30 I dissent from the Court’s decision to remand for application of the Clark test to determine if Crosby is entitled to postconviction relief. This Court should not remand simply because the District Court, not having the benefit of Clark which was later decided, worded its final conclusion of law improperly. The District Court clearly articulated in its order that the recantation was not credible and that the victim had insincere motives in making it. Understandably, the District Court did not express its decision using the language contained in Clark. However, it did consider the essential Clark factors in making its decision whether a new trial was necessary. Thus, the order of the District Court clearly shows the result was correct.
¶31 Under Clark, the result of a motion for postconviction relief alleging actual innocence because a complaining witness has later recanted her accusations, depends upon the circumstances of the case, including the trial court’s estimation of the credibility of the recanting witness, the overall strength of the prosecution’s case, and the circumstances under which the recantation took place. These considerations are intrinsic to the fifth element of the Clark test, which states, “the evidence must indicate that a new trial has a reasonable probability of resulting in a different outcome.” Clark, ¶ 34.
¶32 Under the circumstances of this case, which are not unique, this fifth prong of the Clark test is unquestionably the most significant. As this Court stated in Clark, “[t]he fifth element... is most likely to be the crux of any district court’s evaluation of new trial motions based on new evidence.” Clark, ¶ 36. Within this fifth element, an assessment of the credibility of the recantation, although not dispositive, is of primary importance in making the determination whether a new trial would probably result in an acquittal. Unfortunately, Clark’s guidance in applying the fifth element is confusing and rather inconsistent.
¶33 Clark declares that under the five factor test, “the district court is not to make factual determinations as to the veracity of the recantation.” Clark, ¶ 38. Yet, in the same paragraph, the Court states that “determinations of weight and credibility [of recantations] are left to the trial judge.” Clark, ¶ 38. Simply put, in spite of the Court’s attempt to create one, there is no real distinction between the “veracity” of the recantation and the “credibility” of the recantation. Today’s opinion requires the District Court to make sense of this distinction without a difference.
¶34 Clark expressly overruled the Perry standard, that a “trial judge is required to grant a new trial only when he is satisfied the *469 recantation of the witness is true.” Clark, ¶ 32. Yet, the district court must still consider the “weight and credibility” of the recantation. Clark, ¶ 38. Thus, I conclude that Clark did not bar the district court from considering the truth (or “credibility”) of the recantation. Rather, Clark expanded the overall analysis and required examination of several other essential factors. The Court is correct in concluding that a district court cannot base its decision, whether to grant relief, solely on its finding as to the ultimate truthfulness of the recantation. Although credibility is still an essential factor,[1] the district court must also consider any factors relevant to a potential jury’s determination of which story of the victim to believe, including the weight of corroborating evidence; and any other evidence presented by the defendant or prosecution that may bear on the ultimate issue of whether the result of a new trial would probably be different. This is exactly what the trial judge did in this case.
¶35 The District Court held an evidentiary hearing to assess the veracity of the victim’s recanted testimony, at which she testified. In addition, the District Court heard testimony from two experts and a former police detective. The District Court also considered the circumstances surrounding the victim’s recantation and the fact that it conflicted with the testimony of other credible witnesses at trial, as well as the original testimony given by the victim.
¶36 After considering all of the evidence, as required by Clark, the District Court concluded the recantation was not credible, that is, after considering the weight and credibility of the recantation, which is the province of the trial judge, he did not believe it. When a district court determines the victim’s recantation is not credible, a new trial should be denied. See Clark, ¶ 37-38. Further, when it considered the seminal question of the victim’s credibility, the District Court also took into consideration the other evidence which under Clark must be factored into its determination whether the result of a new trial would probably be different.
¶37 In Clark, there was no indication from the record why the district court denied the motion for new trial. Clark, ¶ 42. Thus, this Court could not discern whether the law had been applied correctly and had to remand. Clark, ¶ 42. This case is different. We have a full record and a written order from the trial judge that tell us why postconviction relief was denied. From this we know the determination, that the *470 recantation was not credible, was correctly made because with psychical foresight the District Court considered the factors required by Clark. Thus, the District Court, in reality, determined that it was not probable the result of a new trial would be different.
¶38 By remanding with directions to apply the Clark test, we are telling the District Court to do what it has already done. In its order, the District Court considered the weight of corroborating evidence, the credibility of the recantation and the circumstances surrounding it, and the longstanding policies and presumptions applicable to recantations and endorsed in Clark[2] The Court ignores the undeniable fact that the District Court considered these factors, each essential under the Clark test. The Court blindly focuses on the conclusion that the recantation in this case was untruthful, thus elevating terminology over the substance of the analysis.
¶39 I would conclude that the District Court considered all essential factors under the Clark test relevant to the facts of this case. Thus, notwithstanding the ultimate conclusion that the recantation was untruthful, the District Court still met the requirements of Clark, even before Clark had been decided by this Court.
¶40 Finally, I agree with Justice Rice’s dissent concerning the testimony of Dr. Stratford. The record makes it clear that the District Court was keenly aware that an expert witness may not testify directly on the credibility of another witness. I am confident that the trial judge, who has heard considerable expert testimony over the last twenty-five years, is able to differentiate between opinion that is admissible and that which is not. Further, there is little doubt that it was the judge, not the expert, who made the decision on the veracity of the recantation.
¶41 I would affirm the District Court.

 See Clark, ¶ 37-38.

 As this Court recognized in Clark, “recantations are to be ‘viewed with great suspicion’ and ... ‘demonstrate!] the unreliability of a witness!.]” Clark, ¶ 37 (quoting Perry, 232 Mont. at 466, 758 P.2d at 275). Further and particularly relevant in this matter, recantations by child victims of sexual abuse are notoriously unreliable and suspect. Clark, ¶ 37.